IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESOBORO DIVISION

| | | |
|---|---|---|
| JAMES WILLIAM RICHMOND, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | No. 3:19cv00015-JJV |
| | * | |
| ANDREW SAUL[1], Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, James Richmond, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for child disability benefits. The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed that Plaintiff could perform despite his impairments. (Tr. 16-25.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

---

[1]Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019, replacing Nancy Berryhill. He has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review, for the following reasons, I find this matter should be remanded to the Commissioner for further development of the record.

Plaintiff was thirty-eight years old at the time of the administrative hearing. (Tr. 34.) He went as far as the eleventh grade in school but earned his general equivalency diploma. (*Id.*) Mr. Richmond has no past relevant work. (Tr. 24.)

The ALJ[1] first found Mr. Richmond had not engaged in substantial gainful activity since June 6, 1979 – the alleged onset date. (Tr. 18.) The ALJ found he had "severe" impairments in the form of borderline intellectual functioning and autism spectrum disorder. (*Id.*) The ALJ further found Mr. Richmond did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 18-21.)

The ALJ next determined that, prior to attaining the age of 22, Mr. Richmond had the residual functional capacity to perform work at all exertional levels. However, he was limited to work where interpersonal contact is limited, the complexity of tasks can be learned by

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

demonstration or repetition within 30 days, with few variables, and little judgment and the supervision required is simple, direct, and concrete. (Tr. 21.) Since Plaintiff has no past relevant work, the ALJ utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Mr. Richmond could perform despite his impairments. (Tr. 40-42.) Given the vocational expert's testimony, the ALJ determined Mr. Richmond could perform the jobs of dishwasher and housekeeper. (Tr. 25.) Accordingly, the ALJ determined Mr. Richmond was not disabled. (*Id.*)

The Appeals Council received additional information and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

Plaintiff argues, *inter alia*, the case should be remanded because the ALJ's residual functional capacity assessment is flawed. (Doc. No. 10 at 22-23.) After careful review of the record and pleadings, I agree with Plaintiff and find the case should be remanded for further development of the record.

On August 20, 2018, Plaintiff underwent an evaluation as a part of the Multisensory Research project at the Vanderbilt University Medical Center. (Tr. 6-12.) Caitlin S. Reichstein, Ph.D., HSP, performed the evaluation and diagnosed Plaintiff with Autism Spectrum Disorder with "accompanying impairments in language, and he requires Social Communication Level 3 Support and Restricted/Repetitive Behaviors Level 2 Support." (Tr. 6.) Dr. Reichstein further provided the following assessment of Mr. Richmond:

> [Plaintiff's] cognitive abilities were uneven – his Verbal abilities fell in the Average range, while his Nonverbal abilities fell in the range of Intellectual Disability. [His] adaptive skills are severely deficient.
>
> [Plaintiff's] expressive and receptive language skills also fell below age expectations, with his expressive language skills lower than his receptive language skills.

> In terms of social-emotional functioning, [Plaintiff] experiences significant Anxiety and has demonstrated obsessive-compulsive tendencies (e.g., repetitive hand-washing).
>
> [Plaintiff] will require significant support to complete day to day tasks and to manage his social-emotional needs. It is unlikely that he would be able to perform job-related tasks without significant training and support.

(*Id.*)

The report from Dr. Reichstein indicates Plaintiff is very limited and casts significant doubt on the ALJ's residual functional capacity assessment. Dr. Reichstein's evaluation occurred after the ALJ issued his opinion, so he was never afforded the opportunity to evaluate this evidence. Plaintiff submitted this report to the Appeals Council but they merely stated, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2.) Accordingly, I find the Commissioner's determination in this regard is not supported by substantial evidence. And given the fact the ALJ did not have this important evidence when rendering his decision, I find the ALJ's residual functional capacity assessment is not supported by substantial evidence.

I recognize that the ALJ has cited some valid reasons to discount Plaintiff's allegations. But I agree with Plaintiff that, given Dr. Reichstein's evaluation, the ALJ's residual functional capacity assessment is not supported by substantial evidence. Therefore, this case should be remanded to the Commissioner for further development of the record. On remand, the Commissioner should address the limitations recognized by Dr. Reichstein and reconsider Plaintiff's residual functional capacity.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

DATED this 15th day of August 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE